[Sac. No. 6660. In Bank. June 1, 1956.]

FRANCIS W. KEELER, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

James H. Phillips and Timothy W. O'Brien for Petitioner.

Edmund G. Brown, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondents.

SHENK, J.—This is a proceeding in mandamus to compel the respondent superior court to hear and determine a petition pending in that court for a writ of mandamus to order the respondent State Personnel Board to take no further action in the matter of the suspension of the petitioner Francis W. Keeler, a state employee in the respondent Department of Fish and Game.

The petitioner was suspended by the Director of the Department of Fish and Game for a period of 10 days without

pay because of his refusal to take part in a creel census, a temporary assignment. He claimed that the counting of fish was outside of his civil service duties in his classification as a hunter and trapper. The applicable job specifications are as follows: "Under the direction of the Supervising Predatory Animal Hunter and Trapper, to do hunting and trapping, and other work in connection with the control of predatory animals; and to do other work as required." He appealed to the State Personnel Board from the order of suspension. (Gov. Code, § 19575.) The appeal was decided against him. Thereafter he filed in the respondent superior court a petition for a writ of mandate to compel the board to set aside the suspension and expunge all record of the action taken by the board. In its amended return the board pleaded, among other things, affirmative defenses that the assignment of work was made pursuant to an emergency and therefore justified, and that the defendant had waived his right to seek relief. The merits of the suspension are not now before this court.

It appears that at the time of the proceedings before the board it did not, in accordance with its own rules, make findings of fact in proceedings such as the present one. But while the mandamus proceeding was pending in the superior court, the board modified its rules so as to require findings on all investigations undertaken or hearings conducted by it. (Cal. Admin. Code, tit. 2, § 68, p. 4.1.) Thereafter the board made a motion in the mandamus proceeding for an order referring the matter back to it so that it could take evidence and make findings on the affirmative defenses. The motion was granted.

The present petition challenges the authority of the superior court to make its order of reference where the matter is then before that court on a petition for a writ of mandate. The petitioner contends that the scope of review of an administrative order by means of mandamus is governed and limited by section 1094.5 of the Code of Civil Procedure; that under that section a reviewing court may consider only the record as constituted at the time of a petitioner's application for a writ of mandate, and that no provision is made pursuant to which the reviewing court may properly remand the matter for additional proceedings to the administrative body whose order is sought to be reviewed. The respondents contend that the scope of the superior court's review is not limited by section 1094.5. ▇ That section provided in subdivision (a)

that where "the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal" proceedings shall be conducted in the manner there specified. Subdivision (b), on which the petitioner relies as a limitation on the authority of the reviewing court, begins with the expression: "The inquiry in such a case . . .." The other subdivisions also make it apparent that the whole or any part of the section is applicable only when the conditions set forth in subdivision (a) are present. ■ As to the requirement of a hearing or the taking of evidence in the present case, section 19576 of the Government Code at the time of the proceeding before the Personnel Board and as pertinent here provided as follows: "Whenever an answer is filed by an employee who has been suspended without pay for ten days or less the board shall make an investigation with or without a hearing as it deems necessary. . . ." Section 19578 of the Government Code provided in part as follows: "Whenever an answer is filed to a punitive action *other than* a suspension without pay for ten days or less, the board or its authorized representative shall within a reasonable time hold a hearing . . .." (Emphasis added.) Both of the above sections were amended in 1953, subsequent to the action taken by the board and as to matters not material to the issues herein. (Stats. 1953, ch. 1536, p. 3209.) It thus appears from the plain language of the code sections that there was no requirement that the board hold a hearing following the suspension of the petitioner without pay for 10 days, but that only an investigation was required.

■ The petitioner contends that the board conducted a "hearing" of his appeal and for that reason he contends that section 1094.5 is applicable. It appears that the board assigned an investigator to inquire into the matter after the petitioner filed his answer to the suspension. Section 19575 provided that such an answer may be deemed "a request for hearing or investigation as provided." The investigator reported back to the assembled board which then denied the relief sought. Whether this constituted a hearing or merely an investigation is not important, as section 1094.5 is applicable only when a hearing and the taking of evidence among other things are required. Neither by statute nor by its own rules was such a hearing required.

The petitioner contends, in a further effort to make applicable the provisions of section 1094.5, that in the proceedings before the superior court it was required to determine the matter on the record before it and to give effect thereto in accordance with subdivisions (b) and (c) of that section, citing *Boren* v. *State Personnel Board,* 37 Cal.2d 634 [234 P.2d 981]. But the holding in that case was based on the assumption that the proceedings before the Personnel Board were properly subject to review under section 1094.5 and the court recognized that in order to invoke the provisions of that section a hearing was required and a record of the proceedings be made. Here there was no record of such a proceeding and the provisions of the section relating to the scope of review provided for therein are therefore not applicable.

There is no question but that, consistent with proper regulations, a court has inherent power to control the course of litigation before it. (Code Civ. Proc., § 187; *Tide Water Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 825 [279 P.2d 35]; *Brydonjack* v. *State Bar,* 208 Cal. 439, 442 [281 P. 1018, 66 A.L.R. 1507]; *Corum* v. *Hartford Acc. & Indem. Co.,* 67 Cal.App.2d 891, 897 [155 P.2d 710].) This includes the power to remand a cause in mandamus for further proceedings which are deemed necessary for a proper determination. It is noted that section 1094.5 of the Code of Civil Procedure authorizes a reviewing court to "enter judgment . . . remanding the case to be reconsidered in the light of" evidence "which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the respondent . . .." However, aside from statutory provisions, such a power to remand also exists under the inherent powers of the court. In *Garcia* v. *California Emp. Stab. Com.,* 71 Cal.App.2d 107 [161 P.2d 972], decided under the law prior to the enactment of section 1094.5, an order of the Employment Stabilization Commission was subject to review in a mandamus proceeding. The court concluded that there was an insufficiency of evidence in the record in support of the findings, and that such findings were in apparent conflict as to the evidence introduced. The court remanded the matter for the taking of further evidence.

In view of the present record the cause is not one in which the superior court is acting to review an administrative decision after a hearing and no reason appears why the court cannot, in the exercise of its inherent power, remand the case

for further proceedings before undertaking to decide the petitioner's application.

The order to show cause is discharged and the relief requested is denied.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.