[Civ. No. 18660. Fourth Dist., Div. One. Dec. 13, 1979.]

ROYAL CONVALESCENT HOSPITAL, INC., Plaintiff and Respondent, v.
STATE BOARD OF CONTROL et al., Defendants and Appellants.

COUNSEL

Evelle J. Younger and George Deukmejian, Attorneys General, L. Stephen Porter and Thomas E. Warriner, Assistant Attorneys General, Anne S. Pressman and John H. Sanders, Deputy Attorneys General, for Defendants and Appellants.

Tobias Friedman and Fred Friedman for Plaintiff and Respondent.

OPINION

WORK, J.*—Royal Convalescent Hospital, Inc., a licensed Medi-Cal services provider (Royal), claims monies due from the state for services rendered to Medi-Cal beneficiaries without first receiving authorization required by regulation.

Upon rejection of the claim by the State Board of Control (Board), Royal elected not to file an action on it but instead petitioned for administrative mandamus (Code Civ. Proc., § 1094.5), asking for an order its claim be paid, or, in the alternative, Board be ordered to reconsider the claim without regard to any lack of compliance with the regulations of the State Department of Health[1] (Department). The superior court granted the writ and ordered the Board to reconsider on the terms requested.

 We find administrative mandamus does not lie for review of claims rejected by the State Board of Control. We, therefore, reverse.

The factual background is not disputed.

At all relevant times, Royal has been a licensed nursing care facility to provide services for Medi-Cal recipients. Commencing in June 1977, and for an undetermined period[2] thereafter, Royal allegedly provided services to persons entitled to Medi-Cal benefits without first obtaining authorization in accordance with Department's regulations. (Cal. Admin. Code, tit. 22, § 51003.)

---

*Assigned by the Chairperson of the Judicial Council.

[1]Statutory predecessor to the Department of Health Services.

[2]The record provided the lower court is inadequate for use in a Code of Civil Procedure section 1094.5 proceeding. However, our decision is not based on this fact.

Royal's request for retroactive authorization for these services was denied as not falling within the sole exceptions set forth in that regulation.

While Department has the discretion to approve or deny prior authorization, it does not exercise discretion by the resolution of facts presented by opposing parties to an evidentiary hearing. Its determination of grievances is statutorily limited to a two-stage review outlined in California Administrative Code, title 22, section 51015. The written presentation is by the claimant only. No evidentiary hearing is authorized at either level.

The first stage requires the unilateral submission of a written grievance. This is reviewed by Department's fiscal intermediary who may, but is not required to, refer the matter to a peer review body. In this case, no such referral was made and the intermediary made his own conclusions based on the uncontradicted allegations in the claim.

The second stage is a written appeal to Department whose decision is based solely on the documents submitted and any additional information it may obtain.

Royal's remedy after an adverse ruling from Department is limited to presentation of its claim against the state in accordance with the provisions of Government Code section 900 et seq.

"The provisions of this section shall be the exclusive remedy available to the provider of services for moneys alleged to be payable by reason of the provisions of this chapter [7]." (Welf. & Inst. Code, § 14104.5.)

Claims against the state are presented to the State Board of Control. In reviewing claims for money, the Board may, but is not required to, take evidence. (Gov. Code, § 912.8.) On rejection of a claim for money by the State Board of Control, the claimant may bring a lawsuit for damages on any legal theory deemed relevant.

The State Board of Control adopted regulations for the conduct of hearings as follows: "(b) At the hearing, and in *the discretion of the Board,* oral testimony and written instruments may be introduced . . . ." (Cal. Admin. Code, tit. 2, § 632.9, subd. (b); italics added.)

Thus, neither the applicable statute nor the regulation require taking of evidence at a hearing. In the absence of either of these requirements, administrative mandamus will not lie. (*Keeler v. Superior Court*, 46 Cal.2d 596, 599 [297 P.2d 967].)

*Keeler* involved a writ taken from the 10-day suspension of a governmental employee followed by the rejection of an appeal by the State Personnel Board. At the time the appeal was decided, the Personnel Board was regulated by Government Code section 19576 which stated the board "shall make an investigation, with or without a hearing as it deems necessary." The court held no hearing was required and, therefore, administrative mandamus was not proper, whether or not a hearing was, in fact, held. (*Keeler v. Superior Court, supra*, 46 Cal.2d 596, 599 [297 P.2d 967].)

Royal contends the later decision in *Koehn v. State Board of Equalization*, 166 Cal.App.2d 109 [333 P.2d 125], states a rule contrary to the one set forth in *Keeler, supra*, 46 Cal.2d 596. If it did, we and the superior court would be bound to follow *Keeler* under the mandate of *Auto Equity Sales, Inc. v. Superior Court*, 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].

*Koehn* makes no reference to *Keeler*, but instead refers to the earlier Supreme Court decision, *Boren v. State Personnel Board*, 37 Cal.2d 634 [234 P.2d 981]. *Keeler* points out *Boren* also recognized the necessity of a hearing and a record of such proceeding as a condition prerequisite to administrative mandamus. (*Keeler, supra*, at p. 600; *Boren, supra*, at p. 637.)

*Koehn* merely holds the hearing may be held and the record prepared at an administrative level subordinate to that which makes the final decision. (*Koehn v. State Board of Equalization, supra*, 166 Cal.App.2d 109, at p. 117 [333 P.2d 125].)

Even more compelling is the fact the Board of Control need not review claims such as this at all. Government Code section 912.4, subdivision (c), specifically allows a claim to be deemed rejected without any action whatsoever. Failure to act cannot be an abuse of discretion because that option is legislatively given the Board.

"If the board fails or *refuses* to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected

by the board on the last day of the period within which the board was required to act on the claim. . . ." (Gov. Code, § 912.4, subd. (c).)

Therefore, not only is there no evidentiary hearing required before the Board acts on a claim, there is no requirement for any action whatsoever.

Even if administrative mandamus did lie, Royal has not shown compliance with the rules applicable to administrative as well as to ordinary mandamus, i.e., proof there is no available adequate remedy at law. (*Tivens* v. *Assessment Appeals Bd.*, 31 Cal.App.3d 945 [107 Cal.Rptr. 679].)

Here an action at law is clearly contemplated following claim rejection, whether by action or inaction of the State Board of Control. All issues relevant to Royal's right to payment for its services, including the constitutional questions raised, can be litigated in its lawsuit. The remedy is clearly available and unquestionably adequate.

█ Administrative mandamus was designed to set out an orderly process for the review of judicial functions of local agencies and of quasi-judicial functions of state agencies. (Since the 1950 amendment to the California Constitution, article VI, section 1, local agencies only have quasi-judicial powers.) Review of these functions previously had been limited to ordinary mandamus, certiorari or prohibition.

Code of Civil Procedure section 1094.5 was not designed to expand the existing methods of review, but to clarify the procedures to be utilized where the review was of an administrative adjudication. (Judicial Council of Cal., 10th Biennial Rep. (1944) pp. 26-27.) Even though a hearing is held, section 1094.5 is not intended to set procedures for review of legislative or ministerial administrative actions. (*Rich* v. *State Board of Optometry*, 235 Cal.App.2d 591, 602 [45 Cal.Rptr. 512]; *Munns* v. *Stenman*, 152 Cal.App.2d 543, 557 [314 P.2d 67].) Its primary purpose is the design of procedure to afford prompt judicial review of administrative licensing and discipline of private citizens. (*Brock* v. *Superior Court*, 109 Cal.App.2d 594, 599 [241 P.2d 283].)

The consideration of the judicial council was directed to formal adjudicatory proceedings and not to informal administrative actions. (Kleps, *California's Administrative Procedures*, 32 Cal.L.Rev. 416, 419, fn. 8.) "The administrative procedure statute proposed by the Judicial Council

is intended to cover the formal, adjudicatory proceedings of state licensing and disciplining agencies." (*Id.*, at pp. 424-425.)

Judicial review pursuant to section 1094.5 was designed as a part of this overall legislative scheme and is presumed to have the same goals in mind. In support, we point to language in Code of Civil Procedure section 1094.5, subdivisions (g) and (h), which discusses the court's powers relating to the stay of administrative decisions resulting in penalties.

The intent of the Legislature in enacting section 1094.5 is presumed to be the same as the meaning expressed by the Judicial Council in its report. (*Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, 397 [184 P.2d 323].)

■ Furthermore, a history of the development of the writ of mandate reveals it was invented to supply a remedy where there is a specific legal right but no specific legal remedy. (*Drummey* v. *State Bd. of Funeral Directors*, 13 Cal.2d 75, 82 [87 P.2d 848].)

*Drummey* allowed mandamus where there was (1) no right to a trial de novo following an administrative decision and (2) no other statutory method of review.

Here a full scale trial is available.

■ The adjudicatory functions regulated by administrative mandamus are those which involve a fact-finding process, followed by a decision which imposes a tax upon an individual, a disciplinary burden, suspension of employment, revocation of license or credential, or denial to him of a permit or license which is a necessary prerequisite for the individual to engage in certain activities.

■ The adverse decision of claim rejection does not impose any extra burden or stigma on claimant. His right to sue is not impaired. The decision to reject is not intended to be a final adjudication of Royal's right to recover. The legal question as to prior authorization is subject to adjudication in the adversary hearing provided by law.

While the use of administrative mandamus has been expanded beyond the perimeters originally described, we find no case where mere rejection of a bill for services rendered allows this extraordinary writ

simply because the purported debtor happens to be a governmental body.

There is no difference between a claim for money, rejected by the state, county, or special district, and a claim against a private individual for money due and owing. In each case, the remedy is an action at law. In each case, a demand for payment and refusal, either express or implied, is a condition precedent.

Demands for payment from governmental entities must be presented through the claims procedures of the Government Code. A rejection of such claim is not a judicial evaluation of the merits of the claim, but may be based on policy considerations or, as we have seen, on no basis whatsoever.

Royal's position would allow every claimant against a governmental agency, either state or local, to bypass an action at law (and trial by jury) and go to superior court by writ. There would be no distinction between claims on contract, violation of civil rights, wrongful death, etc. It would allow a merchant to bypass a jury trial and normal evidentiary rules where he sells merchandise to the state but not when he sells the same type of merchandise to a private citizen. Such a result is not supported by decision, statute or common sense.

The judgment is reversed and the writ of mandate is annulled.

Cologne, Acting P. J., and Staniforth, J., concurred.