[No. A027517. First Dist., Div. One. Apr. 24, 1986.]

PHILLIP A. TERESI, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Herman J. Mager for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and James R. Schwartz, Deputy Attorney General, for Defendants and Respondents.

## Opinion

**NEWSOM, J.**—Plaintiff appeals from an order of the superior court sustaining a demurrer to his first amended complaint without leave to amend.[1]

In reviewing a dismissal based upon the sustaining of a demurrer without leave to amend, all allegations of the complaint are presumed true. (*Shaeffer* v. *State of California* (1970) 3 Cal.App.3d 348, 354 [83 Cal.Rptr. 347].) The record on appeal is limited to the complaint and matters that are properly the subject of judicial notice. (*Childs* v. *State of California* (1983) 144 Cal.App.3d 155, 162 [192 Cal.Rptr. 526].) Thus, we proceed to examine the allegations of plaintiff's first amended complaint.

Plaintiff is a produce grower in Santa Clara County. In 1980, the state quarantined specified produce in connection with the Mediterranean Fruit Fly (Medfly) Eradication Program. Ten acres of plaintiff's pepper crop were subject to the quarantine and the peppers could not be shipped out of the quarantined area. During the period of the quarantine, the state ordered that the peppers be fumigated with methyl bromide, which caused them to rot within 10 days. Plaintiff's claim to the State Board of Control was rejected on May 19, 1983. On November 7, 1983, he filed a complaint in superior court. The complaint named the state and its Department of Food and Agriculture as defendants and asserted two causes of action for inverse condemnation and one for negligence. Defendants' demurrer, based upon the dual grounds of sovereign immunity and proper exercise of police power, was sustained with leave to amend.

Plaintiff's first amended complaint restated the previous three causes of action and added one for declaratory relief and another for mandamus against the State Board of Control. Defendants' second demurrer was sustained without leave to amend, and plaintiff appeals.

As noted, the first amended complaint contains two causes of action sounding in inverse condemnation. The first cause of action alleges that the state deliberately ordered the quarantine and fumigation of plaintiff's crop, resulting in unsaleability due to plaintiff's inability to ship the crop out of the quarantined area and to the rot caused by the fumigating chemicals. Defendants' demurrer to the complaint argued that the complaint disclosed

---

[1]An order sustaining a demurrer is not an appealable order. In the interests of justice and to prevent delay, we exercise our discretion to deem the order to incorporate a judgment of dismissal and construe the notice of appeal as applying to the judgment. (*Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 920-921 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].)

a proper exercise of the police power to abate a nuisance in the face of an emergency situation.

■ Our analysis begins with the constitutional mandate that private property may not be taken or damaged for a public purpose unless just compensation is paid. (Cal. Const., art. I, § 19.) There are, however, exceptions to the rule of compensation when the urgency of the governmental conduct is considered important enough to override the policy of compensation. (*Holtz* v. *Superior Court* (1970) 3 Cal.3d 296, 304-305 [90 Cal.Rptr. 345, 475 P.2d 441]; *House* v. *L. A. County Flood Control Dist.* (1944) 25 Cal.2d 384, 391 [153 P.2d 950].) One example of this exception is when property damage is inflicted as a result of a valid exercise of the police power for the purpose of avoiding an impending public peril. (*Holtz* v. *Superior Court, supra,* at p. 305.) Incidental damage caused by the Medfly eradication program falls within this exception (*Farmers Ins. Exchange* v. *State of California* (1985) 175 Cal.App.3d 494, 502 [221 Cal.Rptr. 225].)

There can be no question that the Medfly eradication program was an exercise of the state's police power. (*Farmers Ins. Exchange* v. *State of California, supra,* 175 Cal.App.3d 494, 501-502.) Express instances of emergencies listed in *Holtz* v. *Superior Court, supra,* 3 Cal.3d at page 305, footnote 10, include "'the destruction of diseased animals, or rotten fruit, or infected trees where life or health is jeopardized.' [Citations.]" Thus, in *Skinner* v. *Coy* (1939) 13 Cal.2d 407 [90 P.2d 296], the Supreme Court upheld a county's right to destroy infected peach trees. In *Miller* v. *Schoene* (1928) 276 U.S. 272 [72 L.Ed. 568, 48 S.Ct. 246], ornamental cedar trees which carried a fungus harmful to nearby commercial crops were properly destroyed.

■ Here, the Department of Food and Agriculture determined that the presence of the Medfly in California created an emergency, and the Governor declared a state of emergency in December of 1980. (*Farmers Ins. Exchange* v. *State of California, supra,* 175 Cal.App.3d 494, 500.) Similarly, an emergency regulation of the United States Department of Agriculture requiring quarantine and fumigation to prevent the spread of the Medfly characterized the Medfly as a destructive pest capable of causing serious economic losses and declaring that an emergency situation existed in California.[2] Plaintiff has not disputed the emergency nature of the Medfly eradication program. Thus, pursuant to *Holtz* v. *Superior Court, supra,* 3 Cal.3d

---

[2]The existence of these regulations was brought to the attention of the trial court with an appropriate request for judicial notice. At that time, plaintiff had the opportunity to meet the request for judicial notice and did not object. It is, therefore, appropriate for this court to take judicial notice of such facts. (Evid. Code, § 459, subd. (a).)

296, the trial court correctly sustained the demurrer to the first cause of action.

The second cause of action, denominated "inverse condemnation with fault," alleges that the state negligently adopted an inherently defective program and negligently failed to realize that damage to private property would result. It also alleges intentional infliction of damage by the deliberate adoption of a defective eradication program.

To the extent that this cause of action alleges negligence, the discussion of tort immunities, *infra,* applies. █ Tort concepts of fault have no application to an inverse condemnation claim. (*Yee* v. *City of Sausalito* (1983) 141 Cal.App.3d 917, 921 [190 Cal.Rptr. 595].) A cause of action for inverse condemnation must allege harm caused by the operation of a public program. (*Id.,* at p. 922.) Cases relied upon by plaintiff which concern inverse condemnation liability based upon defective or malfunctioning public improvements do not involve emergencies. (See, e.g., *Bauer* v. *County of Ventura* (1955) 45 Cal.2d 276 [289 P.2d 1]; *Yee* v. *City of Sausalito, supra,* 141 Cal.App.3d 917; *Granone* v. *County of Los Angeles* (1965) 231 Cal.App.2d 629 [42 Cal.Rptr. 34].) █ To the extent that the second cause of action alleges such unintentional harm it is defective for the same reasons as the first cause of action.

█ The third cause of action incorporates the preceding two and alleges that "[r]egardless of governmental immunity," defendants acted carelessly in administering the Medfly program. Defendants' demurrer argues that this cause of action is barred by the immunities of Government Code section 818.2 (public entity not liable for injuries caused by the adoption of an enactment); section 820.2 (public employee not liable for discretionary actions); and section 820.4 (public employee not liable for act or omission with due care in the enforcement of any law). Plaintiff has not disputed the applicability of these immunities in his brief on appeal.

We find that the complaint alleges negligent failure to adopt a safer pest eradication program and negligence in failing to realize that damage to crops would result. The decision to quarantine and/or fumigate plaintiff's crop was clearly one involving discretion for which there is no tort liability. (Gov. Code, §§ 818.2, 820.2, 820.4.)[3]

█ Plaintiffs' fourth cause of action requests a judicial declaration that Assembly Bill No. 3383 and the Pest Control Compact create a right to

---

[3]We note further that the Governor's declaration of an emergency in December of 1980, invokes the immunity of Government Code section 8655 for all discretionary functions exercised in carrying out the provisions of the emergency services chapter of the Government Code. (Gov. Code, § 8550 et seq.)

compensation for crop damage. ▮ ▮ ▮ ▮ ▮ Defendants argue that the legislation merely creates a fund for payment of claims rather than creating substantive rights.[4]

We note initially that the Pest Control Compact (Food & Agr. Code, § 8801 et seq.) has as its purpose the financing of pest control operations rather than the creation or funding of liabilities or claims due to pest control. (Food & Agr. Code, § 8801, subd. (d).) Assembly Bill No. 3383 (Stats. 1982, ch. 332, pp. 1634-1637) was an emergency appropriation of funds to create a source of payment for legitimate property damage claims arising from the Medfly eradication project. It provides that all such claims should be presented to the State Board of Control. No provision of Assembly Bill No. 3383 purports to waive applicable immunities or to create new rights or liabilities. We find that Assembly Bill No. 3383 and the Pest Control Compact do not entitle plaintiff to compensation absent the existence of a valid claim.

▮ Plaintiff's fifth cause of action alleges that his claim was denied by the State Board of Control and that the board abused its discretion, was not subject to discernible guidelines and arbitrarily and capriciously denied his claim. He also alleges denial of his due process right to be heard and to respond to statements by agents of the State Department of Food and Agriculture. He requests that a writ of mandate issue to compel reconsideration, and at a hearing which he may attend.

Citing *Royal Convalescent Hospital, Inc.* v. *State Board of Control* (1979) 99 Cal.App.3d 788 [160 Cal.Rptr. 458], defendants argue that mandate does not lie to review decisions of the board. That case held that because the taking of evidence at a hearing is not required in board proceedings, administrative mandamus does not lie. (*Id.,* at p. 792; Code Civ. Proc., § 1094.5.) In addition, the board is authorized to reject claims without any review. (Gov. Code, § 912.4, subd. (c).) Finally, an action at law is clearly contemplated following rejection of a claim by the board. The fundamental rule concerning lack of a legal remedy which is applicable to administrative mandamus and ordinary mandamus cannot be invoked respecting this type of Board of Control decision. (*Royal Convalescent Hospital, Inc., supra,* 99 Cal.App.3d at p. 793.)

---

[4]Although it is technically improper to sustain a demurrer to a declaratory relief cause of action, the error is harmless if the substantive claim is legally untenable. (*Haley* v. *L. A. County Flood Control Dist.* (1959) 172 Cal.App.2d 285, 292-293 [342 P.2d 476].) The object of the declaratory relief action is served by our opinion that plaintiff cannot recover on the legal theory he asserts. (*Id.,* at p. 293.)

The trial court's decision sustaining defendants' demurrer without leave to amend is affirmed.[5]

Racanelli, P. J., and Holmdahl, J., concurred.

On May 19, 1986, the opinion was modified to read as printed above.

---

[5]We note that plaintiffs have not alleged that their claim was approved and payment withheld. In that situation, mandamus is clearly appropriate. (Gov. Code, § 965.7; *Farmers Ins. Exchange* v. *State of California, supra,* 175 Cal.App.3d 494, 507.)