Filed 6/21/24  Vera v. Imperial Valley Housing Authority CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DANIEL VERA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> IMPERIAL VALLEY HOUSING AUTHORITY, <br><br> Defendant and Respondent. | D081853 <br><br><br> (Super. Ct. No. ECU002340) |

APPEAL from a judgment of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Reversed and remanded.

San Diego Employment Attorneys Group and Dennis N. Brady, for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Danny Y. Yoo and Aleena F. Hashmi, for Defendant and Respondent.

## INTRODUCTION

Daniel Vera sued his former employer, Imperial Valley Housing Authority (IVHA), and alleged disability discrimination and failure to prevent discrimination in violation of the California Fair Employment and Housing Act (FEHA).

Vera appeals from the judgment entered after the trial court sustained IVHA's demurrer without leave to amend based on judicial notice of a letter from the Personnel Committee of IVHA's Board of Commissioners (Committee). The letter confirmed the decision to terminate Vera's employment and informed him of the Committee's findings following a grievance hearing, including that he was unable to perform the essential functions of his position and there were no reasonable accommodations that would enable him to do so. Relying on the contents of the letter, the trial court concluded Vera's FEHA action was collaterally estopped by the Committee's decision and was also barred by his failure to exhaust judicial remedies.

On appeal, Vera contends the trial court erred by sustaining IVHA's demurrer because the Committee's letter failed to establish the grievance hearing was a quasi-judicial proceeding that would trigger collateral estoppel or the requirement that he exhaust judicial remedies, and his discrimination claims were never presented, reviewed or decided by the Committee. In the alternative, Vera seeks leave to amend his complaint to allege facts showing the grievance hearing lacked sufficient judicial character to have preclusive effect.

We conclude the allegations in the operative complaint are sufficient to state FEHA causes of action, and judicial notice of the letter did not establish that Vera's claims were legally barred. We reverse the judgment and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Vera began working for IVHA in 2010 as a building maintenance repairman. Nine years later, he injured his back while carrying a ladder, and then reinjured it. Vera sought additional medical attention in February 2020 after experiencing worsening back pain. After submitting his physician's note recommending "light duty," IVHA informed Vera that it was unable to accommodate his light duty restriction and later terminated his employment.

Vera alleged that he performed his duties satisfactorily throughout his employment, but as a result of his work-related injury, he has a physical disability as defined by FEHA. He claims IVHA perceived him to be disabled, treated him less favorably and terminated his employment because of his disability despite his ability to perform the essential functions of his position with reasonable accommodation. Vera also claims IVHA further violated FEHA by failing to prevent discrimination.

Vera asserts he exhausted his administrative remedies by timely filing administrative complaints with the Equal Employment Opportunity Commission (EEOC) and the Department of Fair Employment and Housing (DFEH). After receiving a notice of case closure and right to sue letter, he

---

[1] We glean these facts from the allegations in the operative complaint, which we accept as true for purposes of review. (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 672.)

3

filed his initial complaint alleging wrongful termination and four FEHA causes of action (Gov. Code,[2] §12960 et seq.).

In August 2022, Vera filed the operative First Amended Complaint, alleging three causes of action: (1) disability discrimination (§ 12940, subd. (a)); (2) failure to prevent discrimination (§12940, subd. (k)); and (3) wrongful termination in violation of public policy. IVHA filed a demurrer and argued the FEHA claims were barred due to failure to exhaust judicial remedies, and it was immune from the wrongful termination cause of action by operation of section 815 of the Government Claims Act. To support its exhaustion of judicial remedies argument, IVHA concurrently filed a request for judicial notice of (1) a July 14, 2020 letter from the Committee denying Vera's grievance and upholding the decision to terminate his employment, and (2) the nonexistence of any actions seeking to set aside the Committee's decision.

Vera voluntarily dismissed the third cause of action for wrongful termination and opposed the demurrer to his two remaining FEHA causes of action. He did not file written opposition to IVHA's request for judicial notice, but argued he need not allege judicial exhaustion as his discrimination claims were never presented to or reviewed by the Committee.

---

[2] All statutory references are to the Government Code unless otherwise specified.

4

Alternatively, Vera sought leave to amend, but did not offer any specific proposed amendments.[3]

Following argument, the trial court granted IVHA's request for judicial notice and sustained the demurrer without leave to amend. In its November 7, 2022 formal order, the court found Vera was collaterally estopped from re-litigating the issue. It concluded both FEHA causes of action were barred by his failure to exhaust judicial remedies, and his cause of action for failure to prevent discrimination also failed because it was derivative of his unsuccessful discrimination claim. The court denied Vera's request to amend because he "failed to meet his burden to demonstrate the First Amended Complaint could be amended to cure this defect."

Formal judgment in favor of IVHA was entered in December 2022. Vera filed a timely appeal.

## DISCUSSION

### *Standards of review*

We review de novo whether the operative complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We liberally construe the pleading, drawing "inferences favorable to the plaintiff, not the defendant." (*Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1238.) We accept as true properly pleaded material factual allegations

---

[3]   On appeal, Vera argues the operative complaint is sufficient to state his FEHA claims but offers to amend his complaint to include specific allegations to contradict any preclusive effect of the grievance hearing. (See *Performance Plastering v. Richmond American Homes of California* (2007) 153 Cal.App.4th 659, 667–668 [plaintiff may show the reviewing court how the complaint can be amended].)

in the operative complaint, together with facts that may be judicially noticed (*Crowley, supra,* 8 Cal.4th at p. 672, italics added).

We review the trial court's order granting judicial notice for abuse of discretion (*CREED-21 v. City of San Diego* (2015) 234 Cal.App.4th 488, 520), and we do not consider any additional evidence or other extrinsic matters (*SKF Farms v. Superior Court* (1984) 153 Cal.App.3d 902, 905).

Within these parameters, if we conclude Vera has alleged facts sufficient to permit his FEHA causes of action to proceed, we must reverse the judgment. If, on the other hand, we conclude Vera has not stated viable claims, we then consider whether there is a reasonable possibility the defect can be cured by amendment. "[I]f it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

As we explain, judicial notice of the Committee's letter did not establish Vera's FEHA claims were barred, and Vera's allegations in the operative complaint are otherwise sufficient to survive demurrer.

*FEHA discrimination claims and exhaustion of remedies*

It is unlawful for an employer to discriminate against an employee because of the employee's physical disability. (§ 12940, subd. (a); *Green v. State of California* (2007) 42 Cal.4th 254, 262.) In order to prevail on a FEHA discrimination claim, an employee has the burden of "producing evidence and persuading the trier of fact that the defendant employer engaged in impermissible disability discrimination against him or her as a qualified individual." (*Id.* at p. 263.) FEHA protections do not extend to employees who are unable to perform essential job duties even with reasonable accommodations. (§ 12940, subd. (a)(1).)

6

Before filing a civil action alleging FEHA violations, "an employee must exhaust his or her administrative remedies" by filing an administrative complaint with DFEH "identifying the conduct alleged to violate FEHA." (*Clark v. Superior Court* (2021) 62 Cal.App.5th 289, 301.)

Additionally, if an employee was a party to a "quasi-judicial administrative agency proceeding" that resulted in a final administrative decision, that decision will be binding in later civil actions unless the employee exhausts his judicial remedies by challenging the administrative decision by writ of mandate. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65 (*Johnson*), citing *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465, 484.)

*Allegations in the operative complaint*

In addition to alleging his ability to perform the essential functions of his position with reasonable accommodations for his physical disability, Vera alleged IVHA violated the FEHA by engaging in impermissible disability discrimination and by failing to prevent discrimination. Vera also alleged he had "fully exhausted his administrative remedies" and "met all of the jurisdictional requirements for proceeding with his claims under the . . . FEHA." He specifically alleged he filed timely administrative complaints with the EEOC and DFEH, received a notice of case closure and right-to-sue letter, and filed his civil action "within one year of the EEOC's closing of its investigation."

IVHA does not dispute the operative complaint adequately identifies the conduct alleged to violate FEHA and that Vera exhausted his administrative remedies. Following independent review, we find these allegations sufficient.

7

Vera did not reference the grievance hearing or the Committee's resulting decision in either his initial complaint or the operative First Amended Complaint, and none of his allegations otherwise suggest the exhaustion of judicial remedies was required.

*Request for Judicial Notice*

The trial court granted IVHA's request for judicial notice of the Committee's July 14, 2020 letter "issuing a decision to uphold the separation of [Vera's] employment" and of the "nonexistence of any actions filed by [Vera] . . . seeking to set aside the Committee's July 14, 2020 decision, as shown by the results of a public records search."[4] The trial court's determination that Vera's action was collaterally estopped and barred by his failure to exhaust judicial remedies was derived solely from its consideration of the Committee's letter. As the court's order explained: "In its decision, the Committee made a finding on the merits that [Vera] could not perform the essential functions of his position with or without a reasonable accommodation. [Vera] did not file a writ of mandate to challenge the Committee's decision. Thus, collateral estoppel precluded [Vera] from re-litigating this issue in this Court, unless the Committee's decision was overturned." The court went on to conclude both FEHA causes of action "fail[ed] as a matter of law to state facts sufficient to constitute a cause of

---

[4] We note the printout of the results of a public records search attached to IVHA's supporting declaration does not, on its face, establish the nonexistence of a writ of mandate proceeding. It merely lists the underlying civil unlimited case number with an "open" status and two other civil unlimited case numbers whose status is "closed." However, Vera did not assert in opposition to the demurrer or on appeal that he did, in fact, seek relief by way of mandate.

8

action against [IVHA], because they were "barred by [Vera's] failure to exhaust judicial remedies prior to filing this civil action."

On review, we are mindful of the liberal pleading rules requiring us to assume the truth of Vera's allegations and facts that may *properly* be judicially noticed. (See *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564 [judicial notice substitutes for formal proof only because the matters judicially noticed are not reasonably subject to dispute].) While the trial court may properly take judicial notice of official acts of state agencies (Evid. Code, § 452, subd. (c)), "the truth of matters asserted in such documents is not subject to judicial notice." (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.) "[T]he taking of judicial notice of the official acts of a governmental entity does not in and of itself require acceptance of the truth of factual matters which might be deduced therefrom, since in many instances what is being noticed, and thereby established, is no more than the existence of such acts and not, without supporting evidence, what might factually be associated with or flow therefrom." (*Cruz v. County of Los Angeles* (1985) 173 Cal.App.3d 1131, 1134 (*Cruz*).)

Even assuming, without deciding, that it was proper for the trial court to take judicial notice of the contents of the letter, the letter alone does not support the court's legal conclusions. The letter communicated the "[r]esults of [the] [g]rievance [h]earing" and the Committee's conclusion that it "ha[d] no other choice than to deny [Vera's] grievance and uphold the decision to terminate Vera's employment" based on the following findings: (1) Vera could not perform the essential functions of his position; (2) IVHA engaged in an interactive process with Vera to determine whether a reasonable accommodation was possible that would permit him to perform the essential functions of his position; (3) there was no reasonable accommodation possible

9

that would allow Vera to perform the essential functions of his position; and (4) there was a business necessity to fill the position. However, the letter itself does not establish it was the final administrative decision following a "quasi-judicial administrative agency proceeding" that is subject to review by writ of mandate under Code of Civil Procedure section 1094.5. (See *Johnson*, *supra*, 24 Cal.4th at p. 65.)

Administrative mandate is the appropriate remedy "for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer. . . ." (Code Civ. Proc., §1094.5, subd. (a); *Logan v. Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d. 116, 123.) The Committee's letter does not cite to any legal authority indicating the "Grievance Hearing" was required by law (see *Lightweight Processing Co. v. County of Ventura* (1982) 133 Cal.App.3d 1042, 1049), nor does it specify the grievance hearing was the last step in IVHA's administrative review process or that the letter constitutes a final decision.

Furthermore, failure to exhaust judicial remedies could only bar Vera's action if the IVHA administrative proceedings and decision were "of a sufficiently judicial character." (See *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 113 (*McDonald*).) Judicial characteristics that have been "held essential to according administrative findings collateral estoppel effect, includ[e] but [are] not limited to testimony under oath, the opportunity to call witnesses and introduce evidence, and a formal record of the hearing." (*Ibid.*; see also *Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 944 (*Pacific Lumber*).)

10

Although the letter refers to Vera's testimony and documents and testimony presented on behalf of the IVHA, it does not indicate whether the testimony was under oath, or whether Vera had an opportunity to call witnesses and introduce other evidence at the hearing. Further, Vera's personal recording is not a "formal record of the hearing" (*McDonald*, *supra*, 45 Cal.4th at p. 113; see also Cal. Rules of Court, rule 1.150 (d) [personal sound recordings may only be used as personal notes]) and the letter therefore suggests a formal record of the hearing would not otherwise have been created. On appeal, Vera disputes the trial court's implied finding that the grievance hearing was a "quasi-judicial" proceeding and asserts the Committee was not impartial, the testimony provided was not under oath, and he was not afforded the opportunity to subpoena witnesses or documents.

This case comes to us at the demurrer stage. Our independent review, like the underlying hearing on demurrer, "may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable." (*Josline v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374.) We cannot forecast what facts may be developed as the litigation proceeds, and we do not concern ourselves with whether Vera will ultimately be able to prove his FEHA claims or whether IVHA will ultimately be able to establish the

application of collateral estoppel or the doctrine of judicial exhaustion of remedies. (See *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496.)[5]

Considering the liberal pleading rules coupled with the limitations of judicially noticing the Committee's letter, we conclude Vera has alleged facts sufficient to permit his FEHA causes of action to proceed. " 'A demurrer is simply not the appropriate procedure for determining the truth of disputed facts. [Citation.]' " (*Cruz, supra,* 173 Cal.App.3d at p. 1134.)

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings with directions that the superior court vacate its order sustaining the demurrer and issue a new order overruling the demurrer. Vera is entitled to costs on appeal.

KELETY, J.

WE CONCUR:


DATO, Acting P. J.


CASTILLO, J.

---

[5] In light of our conclusion that judicial notice of the Committee's letter failed to establish that Vera's FEHA claims were barred by the doctrine of exhaustion of judicial remedies, we need not address Vera's additional argument that his discrimination claims were not identical to the issues decided in the grievance hearing. (See *Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 356–357 [collateral estoppel requires identical issues between the same parties to have been actually litigated and necessarily decided in a final decision on the merits].)

12