[No. H003192. Sixth Dist. Mar. 6, 1989.]

CAROL LABADIE, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Walter V. Hays and Herrick & Hays for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Tyler B. Pon and Kelvin C. Gong, Deputy Attorneys General, for Defendant and Respondent.

OPINION

SILVER, J.*—This action arises out of the Mediterranean fruit fly eradication program and raises an issue similar to that decided by this court in *Farmers Ins. Exchange* v. *State of California* (1985) 175 Cal.App.3d 494 [221 Cal.Rptr. 225]. Plaintiff appeals after the trial court sustained without

---

*Assigned by the Chairperson of the Judicial Counsel.

leave to amend defendant's demurrer to her third amended complaint. For the reasons stated below, we will affirm the judgment.

Although plaintiff takes her appeal from a nonappealable order sustaining a demurrer without leave to amend, the parties have treated that order as a final judgment for the purposes of appeal, and the matter is fully briefed. In the interest of justice, we will deem the trial court's order to incorporate a judgment of dismissal and treat the notice of appeal as applying to the judgment. (*Farmers, supra,* 175 Cal.App.3d 494, 499.)

■ Our review of an order sustaining a demurrer without leave to amend is limited to the allegations of the complaint, which are presumed true, and matters that are properly the subject of judicial notice. (*Teresi* v. *State of California* (1986) 180 Cal.App.3d 239, 242 [225 Cal.Rptr. 517].)

Plaintiff's third amended complaint alleged one cause of action against the state for negligent misrepresentation. Plaintiff alleged that on July 14 and 15, 1981, the state represented that malathion spraying would be completed in the area where she resided no later than the morning of July 15, 1981. She left the area during this period because of her abnormal sensitivity to malathion. She states that on her return she called the state's telephone information service and was told there would be no further spraying in her area. Notwithstanding these representations, the state continued spraying on the evening of July 15th and 16th and, as a result, plaintiff suffered physical injuries. She claims the state failed to take adequate measures to correct its earlier representation and further, that the state specifically misrepresented to her that the spraying had ended when she called the medfly telephone information service on July 15th.

These allegations once again present us with the question whether the state is immune as a matter of law from liability based upon the provisions of the Emergency Services Act. (Gov. Code, § 8625 et seq.) In *Farmers,* we reviewed the statutory background of the medfly eradication program and the governor's declaration of a state of emergency. We adopt that analysis and need not repeat it here.

■ Plaintiff contends, as did the plaintiff in *Farmers,* that the alleged wrongful conduct of the state was ministerial rather than discretionary, and therefore does not fall within the immunity provided by Government Code section 8655. This statute provides: "The state or its political subdivisions shall not be liable for any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a state or local agency or any employee of the state or its political subdivisions in carrying out the provisions of this chapter." ■ In *Farm-*

*ers,* we stated: "The purpose of the statute is obvious. In those cases where the state must take the steps necessary to quell an emergency, it must be able to act with speed and confidence without fear of incurring tort liability. [Citation.]" (175 Cal.App.3d 494, 505.) Under the severe time constraints inherent in a declared state of emergency, decisions must be made quickly and often without the time necessary to carefully analyze all of the potential repercussions. As a result, the immunity granted under this section is significantly broader than that provided in Government Code section 820.2, and is specifically extended to encompass not only the "discretionary" act but also the "performance of" or "failure to perform" that act. ▮ For that reason, plaintiff's reliance on Government Code section 820.2 and cases interpreting that statute is misplaced.

Due to mechanical difficulties, the malathion spraying could not be completed in accordance with the original schedule. A decision had to be made whether to continue to spray. Whether there was time to fully inform the public or other state information services and whether to continue the spraying are policy level decisions. As in *Farmers,* we have no difficulty in concluding that the acts complained of herein were in the exercise or performance of, or the failure to perform, a discretionary function and were part of the "myriad decisions regarding the implementation of the program" (*Farmers,* 175 Cal.App.3d 494, 505), for which there is governmental immunity pursuant to Government Code section 8655.

Because we conclude there is immunity under Government Code section 8655, we need not decide the state's contention that plaintiff's claim was inadequate.

The trial court's order sustaining the demurrer without leave to amend, deemed to incorporate a judgment of dismissal, is affirmed.

Brauer, Acting P. J., and Premo, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 17, 1989.