[No. B100255. Second Dist., Div. Six. June 6, 1997.]

RUBEN SOTO, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Robert L. McCord, Jr., Patrick G. Cherry and Taylor McCord for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Richard J. Rojo and Martin Ageson, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**GILBERT, J.**—A participant was injured in a training exercise conducted pursuant to the California Emergency Services Act. (Gov. Code, § 8550 et seq.)[1] We conclude the state is immune from tort liability under section 8655. We affirm the judgment entered pursuant to the state's motion for summary judgment.

### FACTS

Ruben Soto is a zoning investigator employed by the County of San Luis Obispo. On October 25, 1990, Soto was attending an officer safety and field tactics training course at the request of his employer.

The course was being given by the California Specialized Training Institute (hereinafter the Institute). The Institute is a division of the Office of Emergency Services (hereinafter Emergency Services). (§ 8588.3, subd. (b).) The Institute is required to assist the Governor in providing training to state agencies, cities, and counties in their planning and preparation for disasters. (*Ibid.*) Emergency Services is a division of the Governor's office (§ 8585.) Both the Institute and Emergency Services operate under the California Emergency Services Act. (§ 8550 et seq.)

Part of the course involved student participation in a mock hostage situation. One student played the role of a hostage in an automobile. Another student, playing the role of the hostage taker, lay across the front seat of the automobile with his head down, operating the steering wheel, brake, and accelerator with his hands. Because the student driving the automobile could not see where he was going, he received directions over the radio from an instructor. Soto was injured during the exercise when the car forced his body "into the structure of a building" at the training facility.

Soto brought the instant action against the state alleging that his injuries were due to the state's negligence. The state moved for summary judgment on the ground it was immune under sections 820.2 and 8655. The trial court granted the state's motion, but failed to give a statement of the reasons for its determination as required by Code of Civil Procedure section 437c, subdivision (g).

---

[1]All statutory references are to the Government Code unless otherwise stated.

## Discussion

█ Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving parties' affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci* v. *Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].)

### I

█ Soto contends the lack of a statement of reasons requires reversal. He cites *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126 [210 Cal.Rptr. 114] for the proposition that failure to provide a statement of decision is reversible error per se.

But a statement of decision is made upon a trial of a question of fact by the court. (Code Civ. Proc., § 632.) Such findings of fact are the exclusive province of the trial court, and we are without power to disturb them on appeal if supported by any substantial evidence. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 278, p. 289.)

In contrast, the trial court's role in deciding a motion for summary judgment involves no findings of fact. The court's role is limited to determining whether there is a triable issue of fact. (Code Civ. Proc., § 437c.) Such a determination is one of law that we review de novo. (See *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].) We are not bound by the trial court's stated reasons. (*Ibid.*)

Because we review the grant of summary judgment de novo, a statement of reasons is much less important for review than a statement of decision upon a trial of a question of fact. The lack of a statement of reasons presents no harm where, as here, our independent review establishes the validity of the judgment. (*Goldrich* v. *Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 782 [31 Cal.Rptr.2d 162].)

## II

█ Soto contends that section 8655 does not relieve the state from liability.

Section 8655 provides: "The state or its political subdivisions shall not be liable for any claim based upon the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a state or local agency or any employee of the state or its political subdivisions in carrying out the provisions of [the California Emergency Services Act]."

Soto relies primarily on *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352]. There a foster parent sued the state for injuries received from a foster child placed by the state in her care. She claimed the state was negligent for failing to give her notice of the child's dangerous propensities. The state obtained summary judgment in its favor on the ground that it was immune from liability for discretionary acts under section 820.2.

In deciding whether an act was discretionary, the Supreme Court rejected a mechanical analysis of the term "discretionary." Instead, the court focused on the policy considerations behind the grant of governmental immunity. (*Johnson* v. *State of California, supra,* 69 Cal.2d at p. 789.) The court stated: "Courts and commentators have . . . centered their attention on an assurance of judicial abstention in areas in which the responsibility for *basic policy decisions* has been committed to coordinate branches of government. Any wider judicial review, we believe, would place the court in the unseemly position of determining the propriety of decisions expressly entrusted to a coordinate branch of government. Moreover, the potentiality of such review might even in the first instance affect the coordinate body's decision-making process." (*Id.,* at p. 793.)

Turning to the specifics of the case, the Supreme Court concluded that the question whether to place a youth with a given family was discretionary. The question whether to warn the foster parents of latent dangers, however, presented no reasons for immunity. The court described a determination as to what warnings should be given as "a determination at the lowest, ministerial rung of official action." (*Johnson* v. *State of California, supra,* 69 Cal.2d at pp. 795-796.)

Training people to respond to disasters is unquestionably one of those areas where the responsibility has been committed to a coordinate branch of

government. It is not up to the courts to decide the appropriateness of the design or execution of training exercises conducted for that purpose. That such exercises may place the participants at risk does not lessen the inappropriateness of intervention by the courts.

Moreover, section 8655 is broader than section 820.2, under which *Johnson* was decided. Section 820.2 is a general governmental immunity statute. It provides, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

In contrast, section 8655 covers not only the exercise of discretion, but also the "performance, or the failure to . . . perform, a discretionary function" in carrying out the provisions of the California Emergency Services Act. Thus, even if the exercise during which Soto was injured was negligently designed and performed, section 8655 would still provide immunity to the state.

In *Farmers Ins. Exchange* v. *State of California* (1985) 175 Cal.App.3d 494, 504-505 [221 Cal.Rptr. 225], plaintiffs alleged the state was negligent in the formulation and spraying of a malathion mixture employed in a medfly eradication program. The spraying was carried out pursuant to the Emergency Services Act. The court stated: "We have no difficulty concluding as a matter of law that the acts complained of in plaintiffs' fourth cause of action were an exercise or performance (i.e., carrying out) of a discretionary function on the part of the state. Thus the state has absolute immunity from liability for negligence under Government Code section 8655." (*Id.*, at p. 505.)

In *LaBadie* v. *State of California* (1989) 208 Cal.App.3d 1366 [256 Cal.Rptr. 604], plaintiff alleged negligent misrepresentation by the state in connection with the medfly spraying program. In upholding the sustaining of the state's demurrer, the court said: "[T]he immunity granted under [section 8655] is significantly broader than that provided in Government Code section 820.2, and is specifically extended to encompass not only the 'discretionary' act but also the 'performance of' or 'failure to perform' that act. For that reason, plaintiff's reliance on Government Code section 820.2 and cases interpreting that statute is misplaced." (*Id.*, at p. 1369.)

Soto contends that the expanded immunity provided by section 8655 applies only in an emergency. He points out that the malathion spraying

involved in both *Farmers* and *LaBadie* was conducted pursuant to the Governor's declaration of a state of emergency. But the language of section 8655 presents no such limitation. If the Legislature had intended to so limit the scope of the section, we presume it would have said so.

Soto argues that if the immunity provided by section 8655 is extended to the performance of a discretionary function, the statute will provide "absolute immunity." He points out the wording of section 8655 is different from other statutes that have been interpreted as providing for absolute immunity. (See § 845.8, subd. (b).)[2] But the plain words of section 8655 extend immunity to the performance of a discretionary function. That other statutes providing for similar types of immunity may be worded differently does not justify a departure from the plain meaning of section 8655.

In opposition to the state's motion for summary judgment, Soto presented evidence in an attempt to show the exercise was negligently designed and executed and not conducted according to plan. The state objected to much of the evidence, but the trial court failed to rule on the objections. Nevertheless, none of this evidence could raise a triable issue of fact in light of the broad immunity granted by section 8655. Any error committed by the trial court in failing to rule on the objections is harmless.

Because the state has immunity under section 8655, we need not consider issues raised under section 820.2, including whether immunity granted under section 820.2 is barred by Vehicle Code section 17001.[3] Soto does not argue that Vehicle Code section 17001 bars immunity granted by section 8655. Although section 820.2 grants immunity "[e]xcept as otherwise provided by statute," section 8655 contains no such exception.

Finally, we note that although section 8655 deprives Soto of a tort action against the state, it does not deny him all remedies. Section 8656 provides in part, "[A]ll pension, relief, disability, workers' compensation, and other benefits which apply to the activity of officers, agents, or employees of any

---

[2]Section 845.8, subdivision (b), provides: "Neither a public entity nor a public employee is liable for: [¶] . . . [¶] (b) Any injury caused by: [¶] (1) An escaping or escaped prisoner; [¶] (2) An escaping or escaped arrested person; or [¶] (3) A person resisting arrest." Section 845.8, subdivision (b), was held to provide absolute immunity in *County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479, 482-483 [105 Cal.Rptr. 374, 503 P.2d 1382].

[3]Vehicle Code section 17001 provides: "A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment."

political subdivision when performing their respective functions within the territorial limits of their respective political subdivisions, shall apply to them to the same degree and extent while engaged in the performance of any of their functions and duties extraterritorially under this chapter."

The judgment is affirmed. Costs on appeal are awarded to the state.

Stone (S. J.), P. J., and Yegan, J., concurred.