Opinion
 

 POCHÉ, J.
 

 Defendants, Contra Costa County Employees Retirement Board, Patricia Wiegert, the Administrator of the Contra Costa County Employees Retirement Association, and Ruth Littlejohn, a former staff member of the retirement board and recipient of a disability pension, appeal from a judgment entered in favor of plaintiff, Kenneth J. Corcoran, the Auditor-Controller of Contra Costa County upon his complaint for declaratory relief.
 

 In 1980 the Legislature passed urgency legislation designed to address the fiscal constraints felt by Contra Costa County as the result of decreasing tax revenues post-Proposition 13 and of the county’s obligation to make retirement contributions for its employees. (Stats. 1980, ch. 58, § 23, p. 165.) The new legislation permitted the county to adopt a less generous and hence less costly retirement scheme—so called Tier Two—which it could apply to new or returning members of its retirement association. (Former Gov. Code, § 31751, added by Stats. 1980, ch. 58, § 9, pp. 156-157.)
 
 [1]
 
 The Contra Costa County Board of Supervisors adopted a resolution applying the Tier Two retirement scheme to “all officers and employees of all agencies of which this Board is the governing body” effective July 31, 1980. (Contra Costa County Bd. of Supervisors, Res. No. 80/565, dated May 27, 1980.)
 

 Beginning in 1980 the Tier Two retirement scheme was applied to officers and employees working as staff of the retirement association who were hired after the effective date of the resolution. Ms. Wiegert became retirement administrator in 1989. She concluded that 14 staff members of a total staff of 17 had improperly been enrolled in Tier Two.
 

 Ms. Wiegert apparently based that conclusion on section 31751 as it had been changed in 1984. (Stats. 1984, ch. 591, § 4, pp. 2275-2276.) The section provided in pertinent part that “(a)(1) The board of supervisors of Contra Costa County may make this section, Tier Two, applicable to officers and employees for whom it is the governing body, by adopting a resolution .... [¶] (2) After the board of supervisors has adopted such a resolution, the governing body of a district not governed by the board of supervisors may make this section applicable as Tier Two to its officers and employees on and after the future operative date it specifies.”
 

 
 *92
 
 In January 1994 the retirement board voted to provide Tier One coverage to all newly hired officers and employees and to permit existing officers and employees to elect to convert from Tier Two to Tier One. All 14 of the eligible employees chose to elect Tier One prospectively.
 

 On December 15, 1995, Auditor-Controller Corcoran filed a complaint seeking a declaration that Ms. Littlejohn and other staff of the retirement board hired after 1980 were entitled only to benefits under Tier Two. Each side filed a motion for summary judgment. The court granted Auditor-Controller Corcoran’s motion for summary judgment, and entered judgment by which it found that the staff of the retirement board “hired after 1980 are Tier II members of the Contra Costa County Retirement System, and cannot convert to Tier I.”
 

 Discussion
 

 On appeal the retirement board and Ms. Wiegert (hereafter collectively the Retirement Board) contend the trial court erred in granting summary judgment to Auditor-Controller Corcoran.
 

 Summary judgment is properly granted when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) In reviewing the papers submitted the court draws all reasonable inferences from the papers except when such inferences are contradicted by other inferences or by evidence which raises a triable issue of fact.
 
 (Ibid.)
 
 The affidavits of the moving party are strictly construed, while those of the opposing party are liberally construed, and doubts as to the propriety of granting the motion are resolved in favor of its opponent.
 
 (Soto
 
 v.
 
 State of California
 
 (1997) 56 Cal.App.4th 196, 199 [65 Cal.Rptr.2d 11].) Our review of a summary judgment determination reviews a matter of law which we approach de novo.
 
 (Stratton
 
 v.
 
 First Nat. Life Ins. Co.
 
 (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].) The reasons stated for the ruling by the trial court are not binding upon this court.
 
 (Ibid.)
 

 The crux of the issue here is whether or not the Retirement Board is “the governing body of a district not governed by the board of supervisors” within the meaning of section 31751. That inquiry then raises a second question: Is the retirement association a “district” as that term is used in the statutory scheme?
 

 Our goal in construing a statute is to ascertain legislative intent by looking first to the language used, construing the words in context and bearing in mind the statutory purpose.
 
 (Dyna-Med, Inc.
 
 v.
 
 Fair Employment
 
 
 *93
 

 & Housing Com.
 
 (1987) 43 Cal.3d 1379, 1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)
 

 Section 31468, which defines “district” for the purpose of county retirement law, currently provides 10 definitions of the term, leading one analyst to conclude that “ ‘district’ is not an immutable term which can only encompass those local entities which the Legislature has specifically denominated as ‘districts.’”
 
 (Summary Criminal History Information,
 
 64 Ops.Cal.Atty.Gen. 677, 684 (1981).) Indeed section 31468 includes in its definitions of “district” not only districts with geographic boundaries but also certain institutions, organizations or associations. (See § 31468, subds. (b), (c), (d), (f), (h) and (i).)
 

 In this case the definition which the Retirement Board maintains encompasses the association is that contained in section 31468, subdivision (e) which provides; “ ‘District’ also includes any city, public authority, public agency, and any other political subdivision or public corporation formed or created under the Constitution or laws of this state and located or having jurisdiction wholly or partially within the county.” The Retirement Board argues that the association is a public agency and hence a district within the meaning of section 31468.
 

 The term “public agency” is itself defined in section 31478 and includes a public district “situated in whole or in part within the county.” Section 31478 also expressly provides that “[s]ection 31468 [containing the 10 definitions of district] does not apply to this section.” The public agency which is a public district described in section 31478 is a district defined by a geographical boundary permitting it to be “situated” entirely or partially within the county. Such a definition clearly excludes many of the districts defined by section 31468 (which do not, in any event, expand the definition of public agency in section 31478). The auditor-controller adopts the view that the association therefore cannot be a district because it is neither specifically named in section 31468 nor generally described by the term “public agency” as defined in section 31478.
 

 Because the plain meaning of the statutory definitions is ambiguous at best, we look to their context in the statutory scheme as a whole.
 
 (Lungren
 
 v.
 
 Deukmejian
 
 (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Section 31751 makes the Tier Two resolution of the board of supervisors applicable only to those officers and employees for whom it is the governing body. Thus if the officers and employees appointed by the Retirement Board are not governed by the county’s board of supervisors then the supervisors’
 
 *94
 
 resolution enacting Tier Two benefits was without effect as to the Retirement Board’s officers and employees.
 

 Our state Constitution expressly defines the primary duty of a retirement board as the fiduciary duty it owes to its participants and their beneficiaries. (Cal. Const., art. XVI, § 17, subd. (b).) The board or “other governing body”
 
 {id.,
 
 subd. (h)) is charged with “providing benefits to, participants and their beneficiaries, minimizing employer contributions . . . and defraying reasonable expenses of administering the system.” (Cal. Const., art. XVI, § 17, subd. (b).)
 

 Accordingly the statutory scheme makes the retirement board the body responsible for managing the retirement system (§ 31520). In order for it to do so it may appoint staff members who must be part of the county civil service system (§ 31522.1) and an administrator who is not (§ 31522.2). In counties with appointed personnel the expense of administering the retirement system must under statute be charged against the system’s earnings and such administrative costs must be included in the annual budget prepared by the retirement board. (§ 31580.2.) This expense has been construed to include services provided to the retirement system by county offices or departments.
 
 (Expense of Administration,
 
 70 Ops.Atty.Gen. 277, 282 (1987).) Salaries of the officers and employees appointed by the Retirement Board are costs of administering the Contra Costa retirement system which the system itself bears.
 

 Indeed, the financial relationship between the county and the retirement system is a close one. For example, the Retirement Board does not maintain a bank account independent of the county treasurer’s office. Checks drawn on the retirement system require the signature of the county auditor or his designee. (§31590.)
 

 In light of its constitutional mandate to place the needs of the retirement fund’s participants and their beneficiaries above all other duties, and thus to ensure the financial integrity of the assets placed in its care, we conclude the Retirement Board must be the governing body for those officers and employees it appoints. To hold otherwise would elevate form over substance. The Retirement Board is required to hold the assets of the retirement fund in trust, using them only to provide benefits and to defray reasonable expenses of administering the system. (Cal. Const., art. XVI, § 17, subd. (a).)
 

 We read the statutory scheme in accord with these constitutional provisions. Unless the Retirement Board is the governing body as to its officers and employees it cannot ensure that it defrays only reasonable expenses of administration. The parties concede that the Retirement Board appoints,
 
 *95
 
 promotes and discharges its officers and employees. That those employees are members of the county civil service and paid according to county salary schedules with paychecks issued by the county is immaterial. The Retirement Board is the governing body as to the officers and employees that it appoints, otherwise it would have abdicated its obligation to make administrative cost decisions consistent with its primary duty to the fund’s participants and to their beneficiaries.
 

 Accordingly we hold the Retirement Board to be “the governing body of a district not governed by the board of supervisors” under section 31751, subdivision (a)(2).
 

 Disposition
 

 The judgment is reversed. The trial court is directed to: 1) vacate its order granting summary judgment in favor of Auditor-Controller Corcoran; 2) grant the motion of the Retirement Board for summary judgment; and 3) enter judgment in favor of the Retirement Board.
 

 Hanlon, P. J., and Reardon, J., concurred.
 

 [1]
 

 Unless otherwise noted all subsequent statutory references are to the Government Code.