Filed 6/20/13  Collect Access v. Arabi CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COLLECT ACCESS, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEX ARABI,<br><br>    Defendant and Appellant. | B239764<br><br>(Los Angeles County<br> Super. Ct. No. EC053140) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William Stewart, Judge.  Affirmed.

Alex Arabi, in pro. per., for Defendant and Appellant.

Zee Law Group, Tappan Zee and Jamie San Gabriel for Plaintiff and Respondent.

Plaintiff Collect Access, LLC (Collect Access) is the assignee of an unpaid account on a credit card issued by Advanta Bank Corp. (Advanta). Account statements for the card bear two names as account holders: Rapid Touch Communications (Rapid Touch) and Belal Arabi (Belal). Rapid Touch was the fictitious business name of Alex Arabi, Belal's brother.

Collect Access sued Belal, Rapid Touch, and Alex (naming him using various aka's, including, as here relevant, "Alex Arabi d.b.a. Rapid Touch Communications"), alleging causes of action for breach of contract, money due on an open account, and money due on an account stated. Belal failed to file an answer to the complaint, and Collect Access obtained a default judgment against him. It then moved for summary judgment against Alex, and the trial court granted the motion. Alex appeals from the judgment against him. As in the trial court, Alex represents himself on appeal. We affirm the judgment.[1]

## PROCEDURAL AND EVIDENTIARY BACKGROUND

In support of its motion for summary judgment against Alex, Collect Access produced the following evidence.

---

[1] An order granting summary judgment is not appealable; the appeal must be taken from the final judgment. (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761-762, fn. 7.) In the instant case, the Los Angeles Superior Court Civil Case Summary states that the trial court entered judgment on January 13, 2012. However, Alex failed to attach a conformed copy of the judgment appealed from to his Civil Case Information Statement. (See Cal. Rules of Court, rule 8.100 (g)(2) ["appellant must serve and file in the reviewing court a completed Civil Case Information Statement, attaching a copy of the judgment or appealed order that shows the date is was entered."].) Nonetheless, in the interest of efficiency, we will exercise our discretion to consider the merits of the appeal rather than dismiss it. (See *Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 14, fn. 1.)

2

According to fictitious business statements filed with the City of Glendale, California, Alex did business in the name of Rapid Touch. He also personally applied for a certificate of use and occupancy in that business name.

Gary Ngan, an agent of Collect Access and one of its custodians of records, submitted a declaration in which he identified several exhibits. Among them were documents showing that in December 2007, Advanta assigned the right to collect an unpaid credit card account identified by its number (ending in 0012) and the name "Arabi, Belal" to The Sagres Company. The outstanding balance was $35,832.22. In February 2009, The Sagres Company assigned the right to collect to Collect Access.

Ngan also identified copies of statements of account issued by Advanta for the account ending in 0012 from November 2006 through August 2007. The addressees on the statements were Rapid Touch and Belal. As of August 31, 2007, the outstanding balance of the principal on the account was $35,832.22, in excess of the limit of $30,000. Payment was overdue and charging privileges had been terminated. The August 31 statement reflects that Advanta "charg[ed] off" the $35,832.22 balance, thus closing the account. That sum was the amount stated to be due in the assignment from Advanta to Sagres and from Sagres to Collect Access. According to Ngan, to date no further payments had been made.

In response to requests for admissions served by Collect Access, Alex admitted that that he owned Rapid Touch and that Rapid Touch was used on the application for credit with Advanta. He also admitted that Belal was an agent of the company with the authority to enter contracts, and that Alex gave Belal the authority to pay vendors from the credit card account. Finally, Alex admitted that he made charges and/or purchases with the credit card, that he signed credit card

3

sales receipts, and that he used products or services that were charged to the account.

In its points and authorities, Collect Access argued that the Advanta account extended credit to Belal and Rapid Touch. Because Belal was an agent of Rapid Touch, and because Alex, as the sole owner of Rapid Touch, did business under the fictitious business name of Rapid Touch, Alex was personally liable for the outstanding balance. (See *Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348 [doing business under a fictitious business name does not create a separate entity distinct from the person who owns the business].)

The summary judgment motion was set for hearing on November 18, 2011. On November 10, 2011, Alex applied ex parte for an order to compel Collect Access to produce a copy of the credit card agreement, and also requested a continuance of the summary judgment motion for 30 days. In support of the request for a continuance, Alex declared that he had "been communicating with" Belal, who was in Lebanon, and had "demanded he step[] forward and take responsibility for his debts" due on the credit card. According to Alex, there was no mail service in Lebanon "except a very complicated and expensive one," and therefore he "rel[ied] on traveling known persons [*sic*] to transport such legal documents back and forth between us."

The court set the matter on calendar for November 18, 2011, the same date as the hearing on the summary judgment motion. On that date, Alex filed an opposition to summary judgment, which included a separate statement of disputed material facts supported by his own declaration in which he denied that he (doing business as Rapid Touch) entered a credit card agreement with Advanta. Rather, he asserted that the account was Belal's and that Belal had given him a card on the account for his personal and business use. He further declared that he had served

4

Collect Access with a request for production of the credit agreement, but Collect Access had never produced it.

The hearing on November 18 was not reported. According to the minute order from the proceeding, the court denied Alex's motion to compel production of the credit card contract and granted Collect Access's summary judgment motion. In a formal order granting summary judgment, the court stated in part that "[a]fter full consideration of evidence, and the separate statements of each party," it determined that no triable issues of fact existed.

## DISCUSSION

### I.     *Denial of a Continuance*

Alex contends that the trial court erred under Code of Civil Procedure section 437c, subdivision (h),[2] in failing to continue the hearing on the summary judgment motion, because Collect Access failed to comply with his request for production of the credit card application and agreement. We disagree.

Section 437c, subdivision (h) states: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

---

[2]     All undesignated section references are to the Code of Civil Procedure.

Alex's ex parte request and attached declaration did not meet the requirements of section 437c, subdivision (h) so as to justify a continuance. Collect Access served its response to Alex's Request for Production of the credit card agreement on September 19, 2011. The responses consisted of a series of objections. Section 2031.310, subdivision (c), requires that any motion to compel further responses be served within 45 days after service of an unsatisfactory response; otherwise, the right to compel a response is waived.[3] Here, the 45 day period within which Alex could move to compel further responses expired November 3, 45 days after September 19. However, Alex did not file his ex parte application to obtain a continuance until November 10, 2011.

The 45-day time limit is "'jurisdictional' in the sense that it renders the court without authority to rule on motions to compel other than to deny them." (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.) Thus, the trial court had no choice but to deny Alex's request to compel further responses to his request for production. That being so, a continuance would have served no purpose, because there was no additional "discovery to be had," (§ 437c, subd. (h)), in that the court had no authority to compel Collect Access to submit any further response to Alex's request for production.[4] Therefore, Alex's showing failed to meet the requirements of section 437c, subdivision (h).

---

[3] Section 2031.310, subdivision (c) provided: "Unless notice of this motion is given within 45 days of the service of the response, or any supplemental response, or on or before any specific later date to which the demanding party and the responding party have agreed in writing, the demanding party waives any right to compel a further response to the demand."

[4] Because we dispose of the issue on this ground, we need not discuss the failure of the ex parte application to comply with the procedural requirements of a motion to compel.

Insofar as Alex is contending that he was entitled to a continuance in order to obtain evidence from Belal, who was in Lebanon, he also failed to satisfy section 437c, subdivision (h). In his declaration, he stated that he had demanded that Belal "step[] forward and take responsibility for his debts" due on the credit card. But he made no showing that any admissible evidence from Belal, such as a copy of the credit card application and agreement, could be produced. Thus, he failed to show that a continuance would permit him to produce evidence necessary to oppose the summary judgment motion.

## II.    *Opposition Separate Statement*

Alex contends that the trial court failed to consider his untimely separate statement of undisputed material facts. (See *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 98-99 [error to grant summary judgment based on failure to file opposition separate statement absent showing that one could not be filed within a reasonable time].) However, the order granting summary judgment recites that the court granted the motion "[a]fter full consideration of evidence, and the separate statements of each party." Nothing in the record contradicts that statement.

## III.    *The Grant of Summary Judgment*

In the alternative, Alex contends that the court erred in failing to specify the reasons for its grant of summary judgment and to specifically refer to the evidence relied upon. (§ 437c, subd. (g).)[5] While it is true that the court failed to comply

_____

[5]    Section 437c, subdivision (g) states in relevant part: "Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in

7

with this requirement, the error does not require reversal, because our independent review establishes the validity of the judgment. (*Soto v. State of California* (1997) 56 Cal.App.4th 196, 199.)

When the plaintiff moves for summary judgment, it bears an initial burden of production to make a prima facie showing that establishes each element of the cause of action. (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 851.) The evidence must be adequate to require a reasonable trier of fact to find each element by a preponderance of the evidence. (*Id*. at pp. 850, 851.) If plaintiff succeeds, the burden of production shifts to the defendant, who must make a prima facie showing that there is a triable issue of material fact as to either the cause of action or a defense thereto. (*Ibid*.)

Alex argues, in substance, that without the credit card agreement, there was insufficient evidence to prove that he was liable on the account. He is mistaken.

Collect Access produced sufficient evidence to prove the existence of a credit card agreement between Advanta on the one hand, and Belal and Rapid Touch on the other. The account statements issued by Advanta were addressed to both Rapid Touch and Belal, thus indicating that both names reflected the holders of the account. Further, the statements evidenced the essential terms of the credit agreement, including the credit limit, the running balance, the charges made on the account, the minimum payment due, the due date, the interest rate, and the finance charges.

Moreover, in requests for admission, Alex admitted that that he owned Rapid Touch, that Belal was an agent of the company with the authority to enter

---

opposition to, the motion which indicates that no triable issue exists. The court shall also state its reasons for any other determination. The court shall record its determination by court reporter or written order."

contracts, and that Belal used the name Rapid Touch on the application for credit with Advanta.  Further, Alex admitted that he gave Belal the authority to pay vendors from the credit card account.  Also, Alex admitted that he made charges and/or purchases with the credit card, that he signed credit card sales receipts, and that he used products or services that were charged to the account.  This evidence is sufficient to infer that Belal, as an agent of Rapid Touch, entered the credit card agreement on behalf of Rapid Touch and himself to pay business expenses.

Undisputed evidence shows that Alex was the sole owner of Rapid Touch, and that he did business under the fictitious name of Rapid Touch.  "Use of a fictitious business name does not create a separate legal entity.  As the First District Court of Appeal recently noted, "'[t]he designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name.  Doing business under another name does not create an entity distinct from the person operating the business." [Citation.]  The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.' [Citations.]" (*Pinkerton's, Inc. v. Superior Court, supra,* 49 Cal.App.4th at p. 1348.)

Having given Belal authority to act as the agent of Rapid Touch and enter contracts on behalf of Rapid Touch, Alex, in essence, gave him the authority to act as his personal agent when Belal applied for credit with Advanta using Rapid Touch's name on the application.  "An undisclosed principal is liable for the contractual obligations incurred by his agent in the course of the agency [citations], even though the obligee did not know there was a principal at the time the obligations were incurred." (*Nichols v. Arthur Murray, Inc.* (1967) 248 Cal.App.2d 610, 612; see Civ. Code, § 2330.)

9

Alex argues, in substance, that his declaration in opposition to summary judgment, in which he stated that he did not apply for credit or enter a credit agreement with Advanta, was sufficient to raise a triable issue of fact whether he was liable for the debt on the account. However, as we have explained, Alex is liable because Belal acted as the agent of Rapid Touch in entering the credit agreement. Rapid Touch was Alex's fictitious business name, and he is personally liable for debts held in Rapid Touch's name.[6]

IV.    *Evidentiary Objections*

Alex contends that the court erred in failing to rule on his evidentiary objections. We agree (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532), but the error was not prejudicial.

Alex objected that the declaration of Gary Ngan was defective because it failed to set forth the place where it was executed. However, a declaration need not state the place where it was executed, if it "states the date of execution and that it is so certified or declared [under penalty of perjury] under the laws of the State of California." (§ 2015.5, subd. (2).) Ngan's declaration was dated and signed under penalty of perjury under the laws of California, and thus did not need to state the place where it was executed.

Alex contended that Ngan's declaration was defective because it failed to state Ngan's specific title. In his declaration, Ngan identified himself as "an agent" of Collect Access who was "authorized [by Collect Access] to authenticate its records" and was "one of  [Collect Access'] custodians of those records." Alex

---

[6]    Alex also refers to a declaration submitted by Belal concurrently with the opening brief on appeal. We have been unable to locate any such document. In any event, such a declaration could not be considered, because it was not submitted to the trial court.

10

cites no authority suggesting that Ngan needed to be any more specific for his declaration to be admissible, and we are aware of none.

Alex objected to a portion of Ngan's declaration describing the alleged credit card agreement between Advanta and Alex, on the ground that Ngan had no personal knowledge of the agreement and was relying on hearsay statements in documents. Ngan declared in relevant part: "[O]n or around September 25, 2000, Defendants entered into an agreement with [Advanta] for an open line of credit, in which [Advanta] issued and extend[ed] to Defendants and their business [Rapid Touch] a line of credit, and which Defendants agreed to make payments on the balance incurred upon such account." We agree that Ngan failed to demonstrate any personal knowledge of the agreement. But, as we have discussed above, other evidence was sufficient to prove Alex's liability for the credit card debt. Therefore, the trial court's error in not ruling on the objection did not prejudice Alex.

Alex objected that Ngan had no personal knowledge of his alleged failure to pay the credit card debt or the amount owed. However, the account statements produced by Collect Access showed that by the end of August 2007, the outstanding balance of the principal on the account was $35,832.22 and payment was overdue. Charging privileges had been terminated, and the account had been closed. This evidence was sufficient to establish Alex's breach by failing to pay off the balance of the principal due.

**DISPOSITION**

The judgment is affirmed.  Collect Access shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

12