Filed 1/25/24  Burgos v. Nationstar Mortgage CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FERNANDO BURGOS et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant and Respondent. | H050540<br>(Monterey County<br>Super. Ct. No. 20CV001410) |

Appellants Fernando Burgos and Evette Burgos brought an action against respondent Nationstar Mortgage LLC, arising from Nationstar's foreclosure on residential property that appellants owned together.  As their sole cause of action, appellants alleged that respondent violated Civil Code section 2923.6[1] by recording a notice of default after appellants had submitted a completed loan modification application.  Appellants sought injunctive relief to enjoin the sale of their property.

Respondent moved for summary judgment, on the ground that no material dual tracking violation occurred and that any violation was corrected and remedied.  The trial court granted the motion and entered a judgment of dismissal.  For the reasons stated below, we conclude that the trial court did not err in granting the motion for summary judgment, and we will affirm the judgment of dismissal.

---

[1] All statutory references are to the Civil Code, unless otherwise indicated.

# I. Background[2]

On December 22, 2006, appellants executed a deed of trust to residential property in Salinas, and the deed of trust was recorded on December 29, 2006.

On July 24, 2014, after a series of assignments and substitutions of trustee, Quality Loan Service Corporation became the deed of trust's trustee.

On April 13, 2018, Mr. Cooper (a brand name for Nationstar Mortgage LLC) acknowledged receipt of appellants' application for loss mitigation options.

On May 8, 2018, Mr. Cooper informed appellants by letter that they were approved to enter into a trial plan under the flex modification program, which was the first step toward qualifying for a permanent loan modification. Appellants accepted the loan modification and made the required trial payments. On October 5, 2018, the loan was modified. Appellants subsequently defaulted and again ceased making payments on the loan.

On July 25, 2019, appellants submitted a second complete loss mitigation application to Mr. Cooper. On August 3, 2019, Mr. Cooper sent appellants a letter informing them that they were not eligible for a loan modification because they had previously modified their mortgage and then become 60 or more days delinquent within 12 months of modification, but were conditionally approved for a short sale or for a deed in lieu/mortgage release. Appellants did not accept any of the loss mitigation options.

On December 12, 2019, trustee Quality Loan Service Corporation executed a notice of default against the Salinas property, which was sent out for recordation on the same day.

On December 15, 2019, appellants submitted a third complete loss mitigation application to Mr. Cooper using the online portal.

---

[2] The factual background is drawn from each party's separate statements of material fact and the exhibits attached thereto.

On December 16, 2019, the notice of default was recorded in the Monterey County Recorder's Office.

On December 17, 2019, trustee Quality Loan Service Corporation placed the foreclosure process on hold to allow loss mitigation options to be evaluated. The foreclosure file remained on hold until February 6, 2020.

On December 27, 2019, a representative of Mr. Cooper spoke to Evette Burgos by phone and informed her that the request for loan modification was denied, but other loss mitigation alternatives were available. On January 7, 2020, Mr. Cooper followed up by letter, notifying appellants that they were not eligible for a loan modification for the same reason as their prior denial. Appellants were informed that they were conditionally approved for a short sale or deed in lieu/mortgage release. Appellants did not accept any of the loss mitigation options offered.

On March 16, 2020, trustee Quality Loan Service Corporation executed a notice of trustee's sale, which was recorded on March 18, 2020. The trustee's sale was postponed several times, and no sale was scheduled as of the time of the motion for summary judgment.

On May 13, 2020, appellants filed a complaint for damages and equitable relief, alleging that respondent violated section 2923.6, subdivision (c), by recording a notice of default while a complete loan modification application was pending. Appellants sought injunctive relief pursuant to section 2924.12, to enjoin what they alleged was a material violation of section 2923.6.

On July 9, 2020, respondent filed a demurrer, which appellants opposed. After a hearing, the trial court overruled respondent's demurrer to appellants' complaint.

On May 17, 2022, respondent moved for summary judgment. Respondent acknowledged that appellants electronically submitted a complete loss mitigation application on a Sunday, one day prior to the notice of default's recordation. However, respondent argued that any possible dual tracking violation was not material because

3

appellants' application was nevertheless "processed in full and Mr. Cooper rendered a decision providing loss prevention alternatives which was communicated to [appellants]."

On August 5, 2022, appellants filed opposition to summary judgment. Appellants argued that summary judgment was improper because triable issues of fact remained—namely, based on Evette Burgos's allegation that she "was specifically told on December 27, 2019, that the reason her loan modification application was denied was because her loan was now in active foreclosure." Appellants also argued that the violation had not been cured because the notice of default had not been rescinded.

On August 19, 2022, following a hearing, the trial court granted respondent's motion for summary judgment. In its written order after hearing, the court stated it "made the following findings at the August 19, 2022 hearing: [¶] (1) Any violation of Civil Code Section 2923.6 by Mr. Cooper, whether or not material, was cured by Mr. Cooper's review of Plaintiffs' December 15, 2019 loss mitigation application; [¶] (2) Rescission of the Notice of Default, recorded on December 16, 2019, was not required; and [¶] (3) No material fact is in dispute in this case." Judgment was entered on September 2, 2022.

Appellants timely appealed.

## II. DISCUSSION

### A. Summary Judgment

#### 1. Standard of Review

Summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) To be entitled to judgment, the moving party must show by admissible evidence that the "action has no merit or that there is no defense" thereto. (*Id.*, subd. (a)(1).) A defendant moving for summary judgment meets this burden by presenting evidence demonstrating that one or more elements of the cause of action cannot be established or that there is a complete defense

4

to the claim. (*Id.*, subds. (o), (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849-850, 853-854.) Once the defendant makes this showing, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to that cause of action or defense. (Code Civ. Proc., § 437c, subd. (p)(2); see *Aguilar*, at p. 850.) Material facts are those that relate to the issues in the case as framed by the pleadings. (*Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59, 67.) There is a genuine issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. (*Aguilar*, at p. 845.)

We review an order granting summary judgment de novo. (*California Medical Assn. v. Aetna Health of California Inc.* (2023) 14 Cal.5th 1075, 1087.) In performing our review, we must view the evidence in the light most favorable to appellants and draw all reasonable inferences in their favor. (*Ibid.*)

### 2. Overview of Civil Code section 2923.6

"The Homeowner Bill of Rights [HBOR] ([§§] 2920.5, 2923.4-7, 2924, 2924.9-12, 2924.15, 2924.17-20) . . . , effective January 1, 2013, was enacted 'to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure.' (§ 2923.4.)" (*Valbuena v. Ocwen Loan Servicing, LLC* (2015) 237 Cal.App.4th 1267, 1272 (*Valbuena*).) The statute, however, also emphasized that "[n]othing in the act that added this section . . . shall be interpreted to require a particular result of that process." (§ 2923.4.)

Among other things, "HBOR prohibits 'dual tracking,' which occurs when a bank forecloses on a loan while negotiating with the borrower to avoid foreclosure. (§ 2923.6.)" (*Valbuena*, *supra*, 237 Cal.App.4th at p. 1272.) The statute provides that if a borrower submits a complete loan modification application, the loan servicer "shall not

record a notice of default or notice of sale, or conduct a trustee's sale" until certain conditions are met. (§ 2923.6, subd. (c).) HBOR provides for injunctive relief for statutory violations that occur prior to foreclosure (§ 2924.12, subd. (a)), and monetary damages when the borrower seeks relief for violations after the foreclosure sale has occurred. (§ 2924.12, subd. (b).)

### 3. Analysis

Appellants contend that the trial court erred by granting summary judgment. Respondent, however, maintains that any purported violation of the prohibition against dual tracking was remedied. Respondent notes that once the loan modification application was received, the foreclosure proceedings were paused for consideration of the application. Thus, respondent argues that any violation was not material. We agree.

In the present case, it is undisputed that after the apparently inadvertent violation of section 2923.6, subdivision (c), respondent placed the foreclosure process on hold to allow loss mitigation options to be evaluated. Respondent thereafter fully evaluated appellants' loss mitigation application, rendered a decision, and communicated that decision to appellants. On December 27, 2019, respondent communicated the results of the evaluation to appellants, informing them that their request for a loan modification was denied but other loss mitigation alternatives were available. Respondent followed up by letter, informing appellants of their options (i.e., short sale or deed in lieu), which appellants did not accept. Under the circumstances, these curative measures satisfied the HBOR's purpose to ensure that appellants had a meaningful opportunity to obtain loss-mitigation options. (*Billesbach v. Specialized Loan Servicing LLC* (2021) 63 Cal.App.5th 830, 846 (*Billesbach*).)

Appellants contend that there existed a disputed material fact because they had alleged that, in "a conversation," they were informed that their loan modification application was denied "because they were in active foreclosure." This allegation, however, did not create a dispute about whether there had been a material violation of

6

section 2923.6. As noted, the HBOR's purpose is not to ensure a particular result, but rather to ensure that borrowers are offered alternatives to foreclosure. (§ 2923.4.) It is undisputed that appellants were offered two alternatives to foreclosure—a short sale or deed in lieu—and that the options presented constituted alternatives to foreclosure. Whether or not a loan modification was offered or not was immaterial, as the statute only required the servicer to offer appellants options for avoiding foreclosure, not one specific option. (*Schmidt v. Citibank, N.A.* (2018) 28 Cal.App.5th 1109, 1124, fn. 7 [purpose of HBOR statute is to give borrower "an opportunity" to discuss financial position and "possible options for avoiding foreclosure"].)

Even if we assume respondent's violation of the HBOR was material, the undisputed evidence also established that respondent remedied the violation. As noted, respondent paused the foreclosure proceedings and considered appellants' loan modification application, ultimately offering two alternatives to foreclosure. Although the recordation of the notice of default resulted in a violation, "[r]equiring a servicer to record a new, identical notice of default following full consideration of the borrower's loan-modification application would do nothing to further the HBOR's purpose." (*Billesbach*, *supra*, 63 Cal.App.5th at p. 847.)

For these reasons, we determine that the trial court did not err in granting summary judgment on the sole cause of action for violation of section 2923.6.

## B. Sufficiency of Order

Additionally, appellants contend that the grant of summary judgment should be reversed because the trial court's order did not comply with Code of Civil Procedure section 437c, subdivision (g). That section provides, in pertinent part: "Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists. The court shall

7

also state its reasons for any other determination. The court shall record its determination by court reporter or written order."

Here, while the court's order specified its reasons for granting summary judgment, it did not specifically refer to the evidence proffered in support and in opposition to the motion. Appellant argues that this was error, requiring reversal of the judgment. Respondent contends that the order was compliant with Code of Civil Procedure section 437c.

Even assuming the trial court erred,[3] given the nature of the evidence (most of which was undisputed) and the fact that we review this matter de novo, "[t]he lack of a [sufficient] statement of reasons presents no harm where, as here, our independent review establishes the validity of the judgment." (*Soto v. State of California* (1997) 56 Cal.App.4th 196, 199; see also *Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 782; *Conley v. Matthes* (1997) 56 Cal.App.4th 1453, 1459-1460.)

### III. DISPOSITION

The judgment is affirmed.

---

[3] We note that it is difficult to evaluate whether the trial court erred on this record. Code of Civil Procedure section 437c requires the court to state "by written *or* oral order" its reasons. (Code Civ. Proc., § 437c, emphasis added.) Here, in designating a record on appeal, appellants chose to proceed *without* a record of the oral proceedings, which undoubtedly would have shed light on whether the court's oral pronouncement was adequate.

_____

Greenwood, P. J.


WE CONCUR:




_____

Bamattre-Manoukian, J.




_____

Adams, J.*




H050540

Burgos et al. v. Nationstar Mortgage LLC

_____

      * Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.